IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEON PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  25 C 12760 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| JIM C. ARNOTT,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

    The Court has reviewed Respondent's supplemental status report regarding Petitioner's location at the time of filing of this case, (Dckt. #10).  The general rule is that a Petitioner should file his habeas corpus petition in the district of confinement.  *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).  The instant habeas corpus petition, (Dckt. #1), was filed on October 19, 2025, at 12:39 p.m. before this Court.  Respondent's status report states that on October 19, 2025, Petitioner started his day in the Northern District of Illinois, but by 10:51 a.m., he had been transferred to the Gary airport in the Northern District of Indiana.  Thus, an hour and a half before this case was filed, Petitioner was no longer located in the Northern District of Illinois.  Despite this, Respondent instead focuses on the fact that when the case was filed, Petitioner's flight to Missouri, which departed from Gary at 12:17 p.m., was in midflight and so the geographic location of his confinement is best understood as being "up in the air."

    When Petitioner's location at the time of filing of the habeas corpus petition cannot be determined, Petitioner may file his case in the district of his last known confinement, *Suri v. Trump*, No. 25-1560, 2025 WL 1806692, at **4–6 (4th Cir. July 1, 2025), and if no location is known at any time, he can name a supervisory official with ultimate control over his custody.  *United States v. Moussaoui*, 382 F.3d 453, 465 (4th Cir. 2004) (citing *Demjanjuk v. Meese*, 784 F.2d 1114, 1116 (D.C. Cir. 1986) (Bork, C.J., in chambers)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 450 n.18 (2004)) (approving of this exception to the general immediate custodian rule).  Although this arguably suggests that this case would have been properly filed in the Northern District of Indiana since Petitioner was at the Gary airport for more than an hour before he filed his petition, Respondent "proposes that this court may have jurisdiction over this petition."  (Dckt. #10 at 2).  In light of this concession, the Court need not, and will not, pursue this question further.  *See Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) (noting this issue is

---

[1] Petitioner represents in his reply (filed 11/2/25) that he has been transferred to the Greene County (Missouri) Jail, which appears to be under the purview of Greene County Sherriff, Jim C. Arnott. Because Sheriff Arnott is petitioner's immediate custodian, the Court substitutes him as Respondent in this matter pursuant to Federal Rule of Civil Procedure 25(d).

subject to forfeiture by the government). The Court thus proceeds to the merits of the fully briefed habeas petition.

On the merits, the Court has reviewed the Respondent's arguments in response to the petition for habeas corpus, (Dckt. #8), and Petitioner's reply, (Dckt. #11). For the reasons set forth in detail in this Court's Opinion in *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D.Ill. Oct. 24, 2025), Petitioner's detention without an individualized custody determination violates the Immigration and Nationality Act ("INA"), and the Court thus grants the petition for writ of habeas corpus, (Dckt. #1). Specifically, the Court finds that: (1) the Court has jurisdiction over the petition, *see id.* at **2–3; (2) the ripeness doctrine does not bar adjudication of the petition, *see id.* at **3–4; (3) Petitioner is detained under Section 1226(a) of the INA rather than Section 1225(b)(2), *see id.* at **4–9; and (4) Petitioner is not required to exhaust his administrative remedies because doing so would be futile, *see id.* at *9.

Within five days of this order, Respondent must either: (1) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. The parties shall file a joint status report by 11/17/25 that updates the court on Petitioner's release status, including whether and when a bond hearing was held, and informs the court, in detail, the reasons for the Immigration Judge's decision. The 11/13/25 status hearing is stricken. Tracking status hearing set for 11/21/25 at 8:30 a.m. (to track the case only, no appearance is required).

**Date: November 4, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**